The appealing party has shown good grounds to reconsider the evidence. However, upon detailed reconsideration of the evidence, the Full Commission finds the same facts and reaches the same conclusions as those reached by the Deputy Commissioner, with minor modifications. The Full Commission, in its discretion, has determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support the findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The date of the accident in dispute in this claim is 19 October 1995.
2. The Form 18 and Form 33 may be amended to show the true date of the accident as being 19 October 1995.
3. A set of plaintiff's medical records, marked as Stipulated Exhibit Number Two is admitted into evidence.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty-eight years old. He did not graduate from high school and did not obtain a GED. His work history consisted primarily of employment in the construction industry.
2. For approximately two months in 1994, plaintiff was employed by B and A Framing, a business owned by Billy Aikens and Nelson Bolster. Plaintiff's employment with B and A Framing ended prior to 1995 due to a shortage of construction work.
3. In October 1995, plaintiff was employed as a carpenter by Nelson Bolster. Mr. Bolster ran a subcontracting business that performed carpentry work on a residential construction project in Jacksonville, North Carolina. Defendant-employer, also a carpentry subcontractor, was performing carpentry work on a residential construction project located across the street from the Bolster project.
4. Plaintiff knew or was friends with defendant-employer's employees. At times, plaintiff and defendant-employer's employees played pool together after work hours.
5. On 19 October 1995, Nelson Bolster was not present at his construction project. Plaintiff and his co-worker, George Bishop, completed their assigned tasks between 4:00 p.m. and 4:30 p.m. Mr. Bishop and plaintiff drove Mr. Bolster's truck to defendant-employer's work site where plaintiff asked to be let out. Mr. Bishop dropped plaintiff off at defendant-employer's work site and continued home. Mr. Bishop was the brother-in-law of Billy Aikens and occasionally worked for defendant-employer.
6. Defendant-employer's employees customarily worked until 5:00 p.m. After work, the employees routinely gathered together to play pool.
7. Shortly after arriving on defendant-employer's work site, plaintiff asked Mr. Aikens if he could work for defendant-employer for two hours. Mr. Aikens informed plaintiff that he had a complete work crew, the work day was nearly complete, but that he would give plaintiff a ride to his home. Thereafter, plaintiff undertook to assist defendant-employer's employees by holding a sheet of plywood as it was being nailed into place. As plaintiff was holding the sheet of plywood, he was struck in his left eye by a nail. Defendant-employer did not ask or instruct plaintiff to perform any work on 19 October 1995, nor did defendant-employer discuss payment or wages with plaintiff. On 19 October 1995, there was no agreement, explicit or implied, indicating that defendant-employer had hired or would employ plaintiff. On 19 October 1995, plaintiff was not an employee of defendant-employer.
8. When Mr. Aikens learned of plaintiff's injury he provided him with a wet cloth to apply to his injured eye. Mr. Aikens then drove plaintiff home, and then loaned plaintiff $10.00 to buy beer. Plaintiff agreed to repay the loan the following day when he was paid for his work by Mr. Bolster.
9. The following day, plaintiff presented to the Onslow Memorial Hospital emergency room where he was treated by Dr. Wilshire. Plaintiff was admitted to the hospital where he underwent treatment for left corneal laceration, including removal of foreign bodies from the laceration.
10. Plaintiff returned to work for Mr. Bolster on 16 November 1995.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional:
 CONCLUSIONS OF LAW
1. On 19 October 1995, plaintiff was not an employee of defendant-employer. N.C. Gen. Stat. § 97-2(2).
2. Plaintiff is not entitled to compensation under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. Each party shall bear their own costs.
 S/ ________________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER